JAMES A. HENRY AND GLORIA J. HENRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henry v. Commissioner
Docket No. 9358-80.
United States Tax Court
T.C. Memo 1982-469; 1982 Tax Ct. Memo LEXIS 275; 44 T.C.M. (CCH) 844; T.C.M. (RIA) 82469; August 11, 1982. James A. Henry and Gloria J. Henry, pro se. Miles D Friedman, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $1,802 in petitioners' Federal income taxes for their 1977 taxable year. The sole issue remaining for our decision is whether or not petitioners are entitled to nonrecognition treatment under section 1034 for the gain they realized on the sale of their principal residence. All of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this *276 reference. The following is a brief summary of the salient facts. Petitioners James A. Henry and Gloria J. Henry resided in Los Angeles, California at the time they filed their petition in this case. Petitioners are married and filed a joint Federal income tax return for the 1977 taxable year. Petitioners purchased a home located at 5846 Orlando Avenue, Los Angeles, California, (Orlando Avenue residence) in December 1975. They sold this residence and vacated the premises during the latter part of May 1977. Petitioners' adjusted basis in the Orlando Avenue property at the time of the sale was $55,877, and $71,180 was realized on its sale. On February 28, 1977, petitioners agreed to purchase a residence located at 6145 Wooster Avenue, Los Angeles, California (Wooster Avenue residence), placing $3,000 into escrow as a deposit on the property. The sale failed to take place as scheduled when the seller refused to sign the closing escrow papers. Petitioners brought suit and in December 1980, the Superior Court of California, County of Los Angeles, found in the Henrys' favor, ordering that the sales agreement be specifically enforced. Early in 1981 petitioners received back *277 their $3,000 deposit and the escrow account was closed. Petitioners have never occupied the Wooster Avenue residence. On September 16, 1978, the Henrys entered into a real estate purchase contract on property located at 7996 West 85th Street, Los Angeles, California (West 85th Street residence), this time placing $1,000 into an escrow account to serve as a deposit. Unfortunately, all did not go well again. It seems the real estate agent signed the escrow agreement on the seller's behalf but without the seller's approval. This matter also culminated in litigation, in which the parties are still involved, and the $1,000 deposit remains in escrow. Petitioners have never occupied the West 85th Street house. In December of 1978, the Henrys purchased a third house located at 5237 Glasgow Way, Los Angeles, California (Glasgow Way residence) and this time they were finally successful in closing the deal. The purchase price of this, their current residence, was $94,000. Following the sale of their Orlando Avenue home on May 18, 1977, petitioners signed a one-year lease on a rental apartment into which they moved on May 22, 1977. Petitioners continued to reside in that apartment *278 as tenants until December of 1978, more than 18 months following the sale of the Orlando Avenue residence, when they moved into their current home on Glasgow Way. Petitioners attached a statement to their 1977 Federal income tax return claiming that the gain realized upon the sale of the Orlando Avenue house was not taxable since a good faith effort had been made to secure a replacement residence and it was hoped that in any event the taxpayers would prevail in their litigation and acquire the Wooster Avenue house before the 18-month period had elapsed. In his statutory notice of deficiency, respondent increased petitioner's taxable income by including as a long-term capital gain the $15,303 profit made upon the sale of the Orlando Avenue property since the sales proceeds had not been reinvested within 18 months following the sale. Generally, any gain realized on the sale of a personal residence must be recognized by the taxpayer. Section 1001(c). An exception to this rule allowing for nonrecognition of such gain is provided by section 1034 in situations where within an 18-month period before or after the date of sale of the old residence a new property is purchased and used *279 by the taxpayer as his principal residence. [1]
Respondent argues that petitioners fail to come within the coverage of section 1034(a) since they neither purchased nor used a replacement residence within the 18-month period. As unfortunate as these circumstances may be, we are bound to concur. *280 When applying the time limitations the provisions of section 1034(a), the courts, and in particular this Court, have long adopted a very strict approach. In Bayley v. Commissioner,35 T.C. 288 (1960), we held that this requirement contemplates not only that the new residence must be purchased within 18 months, but that it also must be "used" within that same time and the use required is the physical occupancy of the house by the taxpayers living therein. See also, United States v. Sheahan,323 F.2d 383 (5th Cir. 1963). The cases applying this dual requirement of purchase and occupancy within 18 months have unfalteringly abided by these tests, demanding absolute compliance even where the taxpayer was prevented from acquiring or moving into the new residence on time due to circumstances beyond his control. In Bayler v. Commissioner,supra, construction on the new home was commenced within 12 months after the sale of the old home and was scheduled to be completed within the 18-month period. However, the contractor failed to finish his work on time. The taxpayers, fearing what might happen if they did not move in on time, *281 brought furniture into their partially completed home on the deadline date. We held section 1034(a) not to apply since the taxpayers did not themselves occupy the new residence soon enough. [2]
The decisions consistently hold that the time limits of section 1034 are uniformly applicable, and that the Courts are without authority to weigh the merits of the events precipitating delay to determine whether the time *282 limits may be waived or extended. "Extensions of section 1034(a)'s time limitations are available only when a specific statutory provision so provides." Moore v. Townsend,577 F.2d 424, 428, n. 7 (7th Cir. 1978). We sympathize with petitioners' plight, but are precluded from providing them any relief by the formidable array of precedents aligned against them. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) NONRECOGNITION OF GAIN.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him, and, within a period beginning 18 months before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.↩
2. See also the following cases in which acts beyond the control of the taxpayers were held not to excuse compliance with the statutory time limits: Welch v. Commissioner,T.C. Memo. 1979-9, affd. without published opinion (8th Cir. 1979) (illness and construction delays); Gelinas v. Commissioner,T.C. Memo. 1976-103, affd. without published opinion 573 F.2d 1285 (1st Cir. 1978) (construction wrongfully delayed by acts of a state agency); Bazzell v. Commissioner,T.C. Memo. 1967-101 (taxpayer contracted severe arthritis of the spine and had three laminectomy operations performed on his lower back); Henzel v. Commissioner,T.C. Memo. 1965-250↩ (construction delayed by severe weather).